UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT JONES,

        Plaintiff,                             Case No. 1:08-CV-300

v.                                                       Hon. Gordon J. Quist

JULIE TUDOR, et al.,

        Defendants.
        _____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation issued on August 3, 2010, in which Magistrate Judge Brenneman recommended that the amended motion for summary judgment filed by Defendants Cheryl J. Cooper and Rick Raymond be granted. With regard to Defendant Cooper, the magistrate judge determined that Plaintiff cannot establish a causal connection, as required for his retaliation claim, because Plaintiff's allegations establish only that Defendant Cooper was the secretary who prepared the AOP report for Defendant Tsegaye and Defendant Cooper was not motivated to retaliate against Plaintiff. The magistrate judge further concluded that Plaintiff may not assert a federal constitutional claim against Cooper solely because she responded to Plaintiff's grievances. With regard to Defendant Raymond, the magistrate judge concluded that Plaintiff's Eighth Amendment claim fails because Defendant Raymond was not personally involved in rendering treatment to Plaintiff and he may not be liable under a theory of respondeat superior.

After conducting a *de novo* review of the report and recommendation, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted.

With regard to the retaliation claim against Defendant Cooper, Plaintiff states that Cooper did not support her motion with any evidence.[1] Plaintiff further asserts that Cooper merely claims that she prepared the report from Defendant Tsegaye's notes, but she should not be dismissed from the case until Defendant Tsegaye's notes have been produced to substantiate Cooper's claims. Finally, Plaintiff states that he contends that Cooper only transcribed negative facts from Defendant Tsegaye's report and did so only after she viewed information that Plaintiff had filed grievances against "Dave Moser." As the magistrate judge observed, however, Plaintiff's allegations fail to show that Defendant Cooper was motivated to take any retaliatory action against Plaintiff. According to Plaintiff's allegations, it was Tsegaye who questioned Plaintiff about the grievance against Moser and did not seem pleased that Plaintiff filed it. Moreover, Plaintiff alleged that Defendant Cooper merely prepared the report for Defendant Tsegaye to sign and then prepared the Step I grievance response. Thus, the magistrate judge correctly determined that Plaintiff's claim fails for lack of a causal connection.

Regarding Defendant Raymond, Plaintiff states that pursuant to MDOC policy, Defendant Raymond, as the Chief Psychologist, was responsible for ensuring that Plaintiff received proper mental health care. Even so, as the magistrate judge correctly stated, in an action under § 1983, a defendant may not be held liable under a theory of respondeat superior. In other words, a defendant must have either personally participated in the constitutional deprivation or must have encouraged the allegedly unconstitutional conduct. Plaintiff failed to allege such involvement by Defendant Raymond. Therefore,

---

[1] Although Defendants' motion was identified as a motion for summary judgment, it is clear from the brief that Defendants were moving to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In fact, Defendants cited the Rule 12(b)(6) standard in their brief and relied solely upon Plaintiff's allegations.

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed August 3, 2010, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 67) is **GRANTED**.

The case shall continue only with regard to Defendant Tsegaye, who has yet to be served.


Dated: September 23, 2010                                     /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE